UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JIMMIE JOHNSON,

                    Plaintiff,                          Case No. 2:19-cv-207

v.                                                      Honorable Janet T. Neff

K. MATTSON et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan.  The events about which he complains, however, occurred at the Alger Correctional

Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues MDOC Housing Unit Officers K. Mattson, H. Beckwith, and J. Haleal.

Plaintiff is a non-ambulatory, disabled prisoner who uses a wheelchair. He alleges that in early July 2018, he notified Defendant Mattson that "the water from Plaintiff['s] shower was dangerously unsafe and flooding all over his cell." (Compl., ECF No. 1, PageID.7.) Defendant Mattson "failed to provide Plaintiff and his aide with appropriate cleaning supplies" and otherwise ignored Plaintiff's warning about the conditions of the shower during the subsequent days. (*Id.*, PageID.9.) On July 15, 2018, Plaintiff fell while attempting to use his shower during the early morning hours, knocking his head and losing consciousness. (*Id.*, PageID.7.)

Plaintiff apparently was not discovered for some time while he lay on the floor of his cell, semi-conscious and amidst water and raw sewage. He alleges that Defendants Haleal and Beckwith, who both work third shift, failed to notice Plaintiff on the floor while conducting their regular cell checks. Plaintiff was eventually discovered and taken to the LMF Health Care Center to receive treatment. He had painful facial wounds that continue to disrupt his sleep. Plaintiff further alleges that, on July 15, 2018, presumably upon learning of Plaintiff's incident and condition, Defendant Mattson "laughed and said 'no one deserves to live in shit more than [Plaintiff].'" (*Id.*, PageID.9.)

Plaintiff seeks declaratory judgment as well as compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff asserts Eighth Amendment claims against all three defendants under a theory of deliberate indifference. Plaintiff also asserts a gross negligence claim under state law against all three defendants.

### A.     Eighth Amendment Claims

Plaintiff alleges Defendant Mattson was deliberately indifferent to Plaintiff's health and safety because he ignored Plaintiff's warnings about the conditions of his shower, leading to Plaintiff's fall and injuries. Plaintiff further alleges that Defendants Haleal and Beckwith were deliberately indifferent to his health and safety because they failed to discover Plaintiff in a timely fashion after he had fallen.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Where deprivation is alleged, it must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th

4

Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

### 1. Defendant Mattson

Here, Plaintiff's allegations against Defendant Mattson fail the deliberate indifference standard. Plaintiff notified Defendant Mattson "that the water from [his] shower was dangerously unsafe and flooding all over his cell." (Compl., ECF No. 1, PageID.7.) However, he offers no details why he believed the water was dangerously unsafe or why such a warning should have prompted Defendant Mattson to respond differently. Plaintiff relies, instead, on vague and conclusory statements such as that Defendant Mattson "deliberately, insidiously, and invidiously exposed Plaintiff . . . to the risk of a dangerous and genuine health condition," or that Defendant Mattson "knew that Plaintiff needed cleaning supplies but refused to provide them." (*Id.*) Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any allegation that Plaintiff had notified Defendant Mattson of a risk, therefore, must be found in Plaintiff's statement about the water from his shower and the flooding.

Yet, Plaintiff has not specifically alleged that Defendant Mattson was aware of a particular risk endangering Plaintiff due to the water and flooding. Continued confinement to a cell that occasionally floods even after notifying authorities is a "temporary inconvenience," which does not rise to a violation of the Eighth Amendment. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Of course, as a disabled prisoner who uses a wheelchair, Plaintiff certainly faces patently different—and likely more severe—risks created by water on the floor of his cell or flooding. *See, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (holding that a plaintiff

5

could potentially state a deliberate indifference claim for a slippery shower floor where plaintiff used crutches, had injured himself falling on slippery floors several times, and prison personnel were aware of these details). Yet, Plaintiff has not alleged that Defendant Mattson was aware, for example, that when previously exposed to similar conditions Plaintiff had fallen. Accepting all of Plaintiff's allegations as true, he has demonstrated little more than a slip-and-fall claim. An ordinary "'slip and fall, without more, does not amount to cruel and unusual punishment.'" *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (quoting *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004).

To be sure, Plaintiff's exposure to raw sewage after his fall invites additional concern and attention. Exposure to unsanitary conditions beyond simple flooding can "create conditions that fall below 'the minimal civilized measure of life's necessities as measured by a contemporary standard of decency.'" *Lamb*, 677 F. App'x at 209 (quoting *Dellis*, 257 F.3d at 511). Indeed, the Sixth Circuit in *Lamb* cited multiple decisions where a prisoner's extended exposure to urine, feces, or sewage—even without direct contact—sufficiently stated claims under the Eighth Amendment. *See Lamb*, 677 F. App'x at 210. But Plaintiff has not specifically alleged that he informed Defendant Mattson that he was exposed to raw sewage or that he risked extended exposure. Nor did Plaintiff allege why Defendant Mattson should have anticipated that Plaintiff risked such exposure. Absent such allegations, Plaintiff has done nothing more than to allege that Defendant Mattson was negligent. Allegations of negligence fall short of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence").

Thus, Plaintiff has failed to allege that Defendant Mattson was deliberately indifferent to Plaintiff's health or safety. Accordingly, he fails to state a claim under the Eighth Amendment against Defendant Mattson.

### 2. Defendants Beckwith and Haleal

Plaintiff alleges that Defendants Beckwith and Haleal were deliberately indifferent to Plaintiff's serious medical needs because they "failed to noticed Plaintiff semi-conscious and non-responsive" after he had fallen while taking a shower in his cell. (Compl., ECF No. 1, PageID.10, 12.) Although Plaintiff further alleges that Defendants knew of Plaintiff's disability and had a responsibility to ensure the welfare of prisoners (*Id.*), he has not asserted any *deliberate* conduct. Plaintiff has not alleged, for example, that Defendants Beckwith and Haleal intentionally avoided inspecting Plaintiff's cell or that they ignored his cries for help. Therefore, Plaintiff has done nothing more than to allege that Defendants Beckwith and Haleal were negligent. Allegations of negligence fall short of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835.

Thus, Plaintiff has failed to allege that Defendants Beckwith and Haleal were deliberately indifferent to Plaintiff's health or safety. Accordingly, he fails to state a claim under the Eighth Amendment against Defendants Beckwith and Haleal.

### B. Gross Negligence Claims

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

7

To the extent Plaintiff asserts violations of state law, this Court should decline to exercise supplemental jurisdiction. Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   November 18, 2019                         /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge